IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**PATRICIA SPECK,**

    **Plaintiff,**

vs.                            No. _____
                                          **JURY DEMANDED**

**CITY OF MEMPHIS, (Division
Of Public Services),**

    **Defendant.**

## COMPLAINT

Comes now the Plaintiff, by and through her counsel, and for her Complaint against the Defendant, states as follows:

### INTRODUCTION

1.    This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 622 et seq. to secure declaratory and injunctive relief as well as all damages available to Plaintiff.

This action is brought against Plaintiff Speck's former employer, the City of Memphis, specifically within the Division of Public Services, and alleges discrimination (disparate treatment) in the terms and conditions of employment, including hostile environment and for wrongful discharge, on account of her age, and alleges retaliation for

prior protected activity, in violation of the ADEA and Title VII, 42 U.S.C. §2000e.

## I. JURISDICTION

2. Jurisdiction is conferred on this Court under the provisions of the ADEA, and pursuant to 28 U.S.C. Sections 1331 and 1343.

3. Plaintiff Speck timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit "A", on February 17, 2006, Charge No. 490-2006-00382. Notice of Right to Sue for this charge was issued on October 24, 2006, attached hereto as Exhibit "B". This action is timely filed.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391 (c) in that the claims arose in this district and that the Defendant resides, conducts business or can be found in this district.

## II. PARTIES

5. Plaintiff Patricia Speck (hereinafter "Speck") is a female adult citizen of the United States over the age of 40 at all relevant times.

6. Defendant, City of Memphis, specifically the Division Public Services (hereinafter referred to as "City of Memphis"), is a municipal corporation, incorporated under the laws of the State of Tennessee.

## III. FACTS

7. Speck repeats and re-alleges by reference each and every allegation contained in Paragraphs 1 through 6 and incorporates same as if fully set out herein.

8. Speck was hired by Defendant on or about December 29, 1989, as Coordinator of Nursing Services. She continued to work for Defendant in her capacity as a Registered Nurse until she was constructively discharged on May 27, 2005.

9. The City of Memphis, through its agents, representatives and employees, especially her supervisors, intentionally, willfully and knowingly engaged in discrimination against Speck, in violation of the ADEA and in retaliation for her prior protected activities, including: failure of City of Memphis to protect her from a hostile work environment, unwarranted disciplinary actions, false allegations, obtaining her medical records in violation of HIPAA without her knowledge and consent, threats of further disciplinary actions, and denial of time off and opportunities for further training and advancement of her professional career.

10. The City of Memphis, through its agents, representatives and employees, further denied Speck permission to function as President of the IAFN, an international professional organization. Later Defendant acted to work against Plaintiff's efforts to complete her doctorate, and prevented Plaintiff from publishing a peer-reviewed article already accepted by a professional journal; all such acts were retaliatory for Plaintiff's internal complaints of discrimination and hostile environment.

11. The City of Memphis, through its agents, representatives and employees, through the acts and conduct described above, and especially

her supervisors, intentionally, willfully, knowingly and unlawfully engaged in unlawful discrimination, by subjecting Speck to an extreme, severe and pervasive hostile working environment, in violation of the ADEA.

12. The above-described harassment, based on her age, created an intimidating, oppressive, hostile and offensive work environment that unreasonably interfered with Speck's emotional and physical well-being and work performance. Said hostile environment was severe and pervasive.

13. Speck perceived the work environment to be abusive and reported it to be so on two occasions – once to Michael Gray, Deputy Director and once to Keenon McCloy. A reasonable person would likewise find the environment in which Speck worked to be hostile and abusive. Following Speck's internal complaints, her working conditions became increasingly worse. She received disciplinary action as a direct result. The hostile environment escalated, and the retaliation was very real.

14. Speck tried to continue to work despite the severe and pervasive hostile environment. She became increasingly physically ill and emotionally upset over the work environment, the false accusations, and the attempts to undercut her work and to ruin her professional reputation. She went out on sick leave, and eventually short term disability. Her doctor took her off work due to the hostile work

environment and the severe impact it was having on her, including tremendous complications of high blood pressure and increasing cardiac symptoms. He found the job to be life-threatening. The City's doctor concurred. On the basis of said medical opinion, and due to the extreme stress and anxiety over the work issues, she was forced to submit her resignation, due to the utterly intolerable conditions she faced at work.

15. Following Speck's forced resignation, she was replaced by a much younger individual, who was paid significantly more money than Speck had been paid, and who enjoyed the ability to earn extra funds from contract work, denied to Speck during her employment. Speck was at all relevant times more qualified than her replacement, whom she had actually trained over the course of several years. Her replacement was also given additional staff and resources, previously denied to Speck; she was allowed to attend the annual IAFN meeting, whereas Speck was denied – even though Speck was the President of the organization; and she was allowed time off, whereas Speck was denied a similar request.

16. At all relevant times during the course of Speck's employment with the City of Memphis, Speck was an excellent employee, who met and exceeded expectations, and who had developed the stellar national reputation of the Sexual Assault Resource Center in large part based upon her own fine reputation. She has testified as an expert witness in numerous court proceedings, on behalf of various governmental agencies, and in both criminal and civil proceedings.

5

17. The City of Memphis failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future as well as to prevent retaliation on the part of its managers, supervisors, and employees.

18. As a direct and proximate result of the City of Memphis' actions or omissions complained of herein, Speck has suffered and continues to suffer loss of income and benefits, in the form of backpay. She reasonably anticipates that at her age, and given her area of professional interests, she will be unable to earn equivalent amounts elsewhere and therefore asserts that unless she is reinstated to a suitable position, she should be awarded frontpay (loss of income and benefits, less her expected earnings) until her retirement at the age of 70) plus the loss of retirement she should have enjoyed had the discrimination not occurred.

19. In failing to protect Speck from discrimination, intimidation and/or retaliation through acts of its employees and agents, The City of Memphis abused its position as Speck's employer. The City vested its managers, namely Anne Kenworthy and Julie Coffey and their supervisors, namely Kennon McCloy, Michael Gray, and Donnie Mitchell with substantial power to control Plaintiff's work environment, and to damage her, her interests and her physical and emotional well-being.

The City of Memphis through the agents named above has retaliated against Plaintiff as stated above.

## VI. PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1. Judgment be entered declaring that the actions of the Defendant City of Memphis, by and through their servants, agents and employees, are in violation of the ADEA.

2. Judgment against the Defendant City of Memphis for all accrued back pay, all benefits to which she may be entitled, front pay, promotions, career ladder advancement, reinstatement of all retirement benefits lost, reinstatement of sick leave, and any other damages as may be available to her pursuant to the ADEA.

3. Judgment against the Defendant City of Memphis for liquidated damages for the willful discrimination of Defendant, its managers and supervisors, due to the actions of Defendant taken knowing it was violating the law and actions taken with reckless indifference as to whether it was violating the law.

4. Plaintiff be awarded her costs, attorney's fees and expenses incurred in bringing this action, as well as prejudgment interest as provided by law;

5. Plaintiff be awarded such other relief as the court determines is just under the law or in equity; and

6. Jury trial is demanded.

                                 Respectfully Submitted,

                                 <u>/s/ Kathleen L. Caldwell, #9916</u>
                                 2080 Peabody Avenue
                                 Memphis, TN 38104
                                 Telephone:  (901) 274-2075
                                 Facsimile:   (901) 274-2085