```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```
_____

| | |
|---|---|
| **PATRICIA SPECK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )  No. <u>07-2019 B/P</u> |
| **CITY OF MEMPHIS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |

_____

### ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND TO RESET DEADLINES FOR EXPERT WITNESSES
_____

Before the court by order of reference is plaintiff Patricia Speck's Motion to Reopen Discovery and to Reset Deadlines for Expert Witnesses, filed May 1, 2008. (D.E. 27). Defendant City of Memphis filed its response in opposition on May 13, 2008. For the reasons below, the motion is GRANTED.

The court has previously granted two motions filed by Speck to extend the original scheduling order's deadlines. In an order entered January 22, 2008, the court extended plaintiff's expert disclosure deadline to February 14, 2008, defendant's expert disclosure deadline to March 31, 2008, and the deadline to complete expert depositions to April 30, 2008. In that order, the court maintained the February 28, 2008 discovery deadline, March 31, 2008

dispositive motions deadline, and the trial date. On February 14, 2008, Speck filed her second motion for extension of time, stating that her expert on damages, a Certified Public Accountant, could not complete his report in time to meet the February 14 deadline. Speck asked that her expert disclosure deadline be extended to March 14, and that all other deadlines be extended generally. In her certificate of consultation attached to the February 14 motion, Speck stated that counsel for the City did not oppose the motion so long as all other deadlines were extended at least 30 days, including the trial date. On February 15, the court granted the motion, stating that "the Court will thereafter reset all other deadlines upon entry of an appropriate and separate order."

In the present motion, Speck moves the court to extend once again her expert disclosure deadline and the discovery deadline. Speck asserts, again, that her expert on damages has been delayed in providing his expert report due to the busy tax season. She also states that she has engaged in settlement discussions with the City, and that due to plaintiff's counsel's oversight, neglected to file her motion for extension of time before the March 14 deadline.

When a party seeks to conduct discovery after the deadline has passed, that party must seek a modification of the scheduling order by demonstrating good cause under Rule 16. Dag Enters., Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 105 (D.D.C. 2005). Federal Rule of Civil Procedure 16(b) states that a scheduling order

establishing deadlines for discovery and other matters "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). Good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee notes (1983). In deciding whether the moving party has demonstrated sufficient good cause to modify the scheduling order, the court considers two factors: the diligence of the party seeking discovery "in attempting to meet the case management order's requirements" and "whether the opposing party will suffer prejudice by virtue of the amendment." Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (citations omitted).

The court finds that, although the facts present a very close case, Speck has demonstrated sufficient good cause to support her motion for extension of time. The court accepts the explanations set forth in Speck's motion for her failure to meet the scheduling order's deadlines, although the court believes that her attorney should have been more diligent in her attempts to meet the deadlines. In addition, the court's extension of the City's deadlines and continuance of the trial date should lessen the prejudice to the City. The scheduling order is hereby amended as follows:

    Completion of all discovery: August 29, 2008

Plaintiff's expert disclosures: June 16, 2008

Defendant's expert disclosures: July 30, 2008

Expert depositions: August 29, 2008

Dispositive motions: September 30, 2008

The parties will be notified of the new trial date by separate order from the District Judge.

IT IS SO ORDERED.

                                      s/ Tu M. Pham
                                      TU M. PHAM
                                      United States Magistrate Judge

                                      May 21, 2008
                                      Date