IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

PATRICIA SPECK,                    )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )        Civil No. 07-2019-A/P
                                   )
CITY OF MEMPHIS,                   )
                                   )
        Defendant.                 )
                                   )

---

## ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND MOTION TO EXCEED STANDARD NUMBER OF DEPOSITIONS

---

Before the court by order of reference is plaintiff's Motion for Extension of Time to Complete Discovery, filed July 31, 2008 (D.E. 17) and Motion to Exceed Standard Number of Depositions, filed August 12, 2008 (D.E. 50). For the reasons below, the motions are DENIED.

In this litigation, plaintiff Patricia Speck alleges age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Plaintiff was a former Nursing Coordinator for the Memphis Sexual Assault Resource Center ("MSARC"). Plaintiff left her employment with MSARC in May of 2005, and filed a Charge of Discrimination alleging age discrimination with the EEOC on February 6, 2006. The EEOC issued a Notice of Right to Sue, and plaintiff filed the present suit on

January 16, 2007.

On March 6, 2007, this court entered an agreed-upon scheduling order. The scheduling order set the following deadlines for discovery: February 28, 2008 to complete all discovery; December 31, 2007 for Plaintiff's Expert Disclosures; January 31, 2008 for Defendant's Expert Disclosures; and February 28, 2008 for Expert Depositions. On December 28, 2007, plaintiff requested an extension of time until February 14, 2008, to designate her experts. The court granted plaintiff's motion on January 22, 2008. On the date her expert designation deadline expired, February 14, 2008, plaintiff again sought to extend this deadline until March 31, 2008. The court granted this request. Plaintiff, after missing both of these deadlines, approached the court on May 1, 2008, again asking for additional time to conduct discovery. Though the court found that it was a "very close case" as to whether plaintiff had shown the requisite "good cause" to again modify the Rule 16(b) scheduling order, the court with some reluctance extended the discovery deadline to August 29, 2008.

Since May 21, plaintiff has conducted the following depositions: (1) former MSARC Manager Julie Coffey; (2) former City of Memphis Division of Public Services and Neighborhoods Deputy Director Michael Gray; (3) former City of Memphis Division of Public Services and Neighborhoods Director Keenon McCloy; (4) current MSARC Nursing Services Coordinator Judy Pinson; (5) former

MSARC Manager Anne Kenworthy; (6) former MSARC nurse examiner Nina Sublette; (7) former Director for the City's Department of Public Services and Neighborhoods Donnie Mitchell; (8) former Therapist and Rape Crisis Coordinatory at MSARC Angelina Dagastino; and (9) former MSARC manager Brenda Canady. Moreover, plaintiff has indicated an intent to depose (10) Rachell Copeland, a former MSARC nurse employee, and with consent of the City, plaintiff will be permitted to take two depositions of plaintiff's treating physicians, (11) Dr. Stamper and (12) Dr. Weinstein.

In her motion to extend time, the plaintiff has not provided the court with *any* explanation as to why she was not able to meet the extended deadlines in this case. Rule 16(b) permits modification of a scheduling order only "upon a showing of good cause." Fed. R. Civ. P. 16(b); <u>see also</u> <u>Matrix Motor Co., Inc. V. Toyota Jidosha Kabushiki Kaisha</u>, 218 F.R.D. 667 (C.D. Cal. 2003) ("[T]he standard is neither 'extraordinary circumstances' nor "excusable neglect,' but 'good cause'"). The Sixth Circuit has stated that "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Leary v. Daeschner</u>, 349 F.3d 888, 906 (6th Cir. 2003); <u>see also</u> <u>Equal Employment Opportunity Comm'n v. Cleveland Construction, Inc.</u>, 2006 U.S. Dist. LEXIS 64222, *4 (W.D. Tenn. June 9, 2006); <u>Kirkwood v. Inca Metal Products Corp</u>, 2007 U.S. Dist. LEXIS 59034

(N.D. Texas August 13, 2007) ("The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order."); <u>Arnold v. Krause, Inc.</u>, 232 F.R.D. 58, 65 (W.D.N.Y. 2004) ("'Good cause' for amending a Rule 16(b) order requires that a party 'demonstrate . . . that despite their diligence the time table could not have reasonably been met.'" (quoting <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). The court must also consider "whether the opposing party will suffer prejudice by virtue of the amendment." <u>Leary</u>, 349 F.3d at 906. Here, the court finds that plaintiff has not been diligent in attempting to meet the deadlines in the scheduling order, and she offers no explanation in her motion. Moreover, the City has already incurred considerable litigation expenses based on the previous extensions of the schedule, and will be further prejudiced by the delay and additional expenses if discovery is reopened in this case. Plaintiff will be permitted to complete the depositions of her two treating physicians; however, no other depositions will be allowed.

Although this order denying the motion to extend time renders moot the plaintiff's motion to take the additional deposition of Dr. Ricci Hellman, the court finds that motion is not well taken on other grounds. In deciding whether to allow a party to take additional depositions, the court should consider whether the party has "made a particularized showing of why the discovery is necessary." <u>Harrison v. County of Oakland</u>, No. 05-CV-73079, 2006

U.S. Dist. LEXIS 77932, *4 (E.D. Mich. Oct. 26, 2006).  In her motion, plaintiff simply states that Dr. Hellman "should have personal knowledge of a considerable amount of information concerning several persons in management" and "how there were considerable efforts to force Plaintiff out of her position as Nursing Coordinator."  However, plaintiff does not explain with any specificity what information Dr. Hellman would have, and in fact, it is highly questionable whether Dr. Hellman would have any relevant information at all.  She left her employment with the City more than a year and a half before plaintiff resigned, and obviously more than 300 days prior to the date that plaintiff filed her EEOC charge.  <u>See</u> <u>Ledbetter v. The Goodyear Tire & Rubber Co.</u>, 127 S. Ct. 2162, 2165 (2007); <u>Weigel v. Baptist Hosp. of East Tenn.</u>, 302 F.3d 367, 375-76 (6th Cir. 2002).  Additionally, Dr. Hellman was not a nurse, did not manage the plaintiff, and was not a decision-maker with respect to plaintiff's employment.

For these reasons, the motions are DENIED.

IT IS SO ORDERED.

<u>s/ Tu M. Pham                </u>
TU M. PHAM
United States Magistrate Judge

<u>September 5, 2008          </u>
Date